UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| | ) No. 3:03-CV-376 |
| | ) (PHILLIPS/SHIRLEY) |
| V. | ) ) |
| RICHARD E. DOVER, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Judge [Doc. 100] referring the Defendant Richard Dover's Motion to Quash Writ of Garnishment [Doc. 96] to this Court for disposition. The Government has responded in opposition to this motion [Doc. 101], and the Government has made its final reply [Doc. 104]. The parties appeared before the Court on January 17, 2011, to address the motion. Attorney Suzanne Bauknight was present in the courtroom, and Attorney Bruce Taylor was present via telephone representing the Plaintiff. Attorney Kristi Davis was present representing the Defendant.

The Court finds that the Motion to Quash Writ of Garnishment is now ripe for adjudication, and for the reasons more fully stated below, it will be **DENIED**.

**I.     BACKGROUND**

The issue of Defendant Richard Dover's debt to the United States has been litigated in numerous cases in this district, including: <u>United States v. Dover</u>, 3:03-CV-376, (E.D. Tenn.) (the instant case); <u>FDIC v. Dover</u>, 3:03-CV-210, (E.D. Tenn.); and <u>Dover v. United States</u>, 3:07-CV-471,

(E.D. Tenn.). This issue, as litigated in the above-cited cases, has come before the Court of Appeals for the Sixth Circuit twice in the last five years. See FDIC v. Dover, 453 F.3d 710 (6th Cir. 2006); Dover v. United States, 367 Fed. App'x 651 (6th Cir. 2010).[1]

In its most recent review of the case the Court of Appeals included an excellent review of this case's history, which is as follows:

> In 1991, Dover pled guilty to two counts of making a false statement to Sunbelt Federal Savings – a savings and loan institution – in violation of 18 U.S.C. § 1014. [The conduct underlying this plea concluded in 1985.] In 1993, the United States District Court for the Southern District of Texas sentenced Dover to two years probation on each count to run concurrently. The District Court also ordered Dover to pay $19.6 million dollars in criminal restitution as a "special condition of probation." Restitution was to be paid to the District Court Clerk for disbursement to the Resolution Trust Corporation as a receiver for Sunbelt. Later, by statute, the Federal Deposit Insurance Corporation ("FDIC") succeeded to the Resolution Trust Corporation's interest in restitution. See 12 U.S.C. § 1441a(m)(1).
>
> In 1993, Dover filed a Chapter 7 voluntary petition in the United States Bankruptcy Court for the Southern District of Texas. Instead of listing a governmental entity as the judgment creditor on the schedules filed with the bankruptcy petition, Dover listed Sunbelt Savings in the amount of $19.6 million. The schedules did not list the United States or the Resolution Trust Corporation as creditors for this particular judgment. The bankruptcy court entered an order of discharge in March 1994 and a final decree closing the Chapter 7 case in February of 1996.
>
> As of October 2002, Dover had made no payments toward his criminal restitution. Consequently, the United States Attorney's Office in Knoxville, Tennessee, instituted an action to enforce the restitution. In January 2003, the FDIC intervened in the action to enforce the same criminal restitution order, and three months later, the FDIC filed a complaint with the District Court. Thereafter, the Government withdrew, and the District Court allowed the FDIC to continue its action against Dover. Dover defended the action by

---

[1]To simplify its analysis of the issue now before it, the Court will refer to FDIC v. Dover, 453 F.3d 710, 715-717 (6th Cir. 2006) as "Dover I," and to Dover v. United States, 367 Fed. App'x 651 (6th Cir. 2010) as "Dover II."

2

claiming that his responsibility to pay restitution was terminated at the end of his probationary period. In the alternative, Dover claimed that settlement of his civil liability foreclosed the FDIC's ability to collect criminal restitution. This Court found against Dover in the case previously cited on both claims and held that the FDIC was entitled to collect the restitution.

In December of 2007, Dover again sought to stop the attempts to collect the restitution by filing a Complaint for Declaratory Judgment against the FDIC and the United States. Dover claimed this time that the criminal restitution was discharged in his bankruptcy proceedings – a question that was not specifically adjudicated in 2006. The FDIC and the United States filed a Joint Motion to Dismiss, or, in the alternative, Joint Motion for Summary Judgment. Dover failed to respond to the motions. The District Court granted the Joint Motion for Summary Judgment. As to the United States, the District Court concluded that Dover's suit should be dismissed on sovereign immunity grounds. As to the FDIC, the Court found that *res judicata* barred Dover's action. Thereafter, Dover claimed that he never received electronic notice of the motions and moved to set aside the District Court's grants of summary judgment. The District Court denied this motion. Dover timely appealed.

Dover II, 367 Fed. App'x at 651-53. The Court of Appeals found that the Defendant's position on appeal were not well-taken, because a declaratory judgment action was barred by *res judicata*. Thus, the Court of Appeals affirmed this Court's ruling.

While the Dover II appeal was pending, the Government's collection efforts continued in the instant case. On May 26, 2009, the Court issued a writ of continuing garnishment to Family Pride Corporation – the Dover family business and the Defendant's employer – for 25% of the Defendant's non-exempt, disposable earnings. [See Doc. 70.] On June 5, 2009, the Defendant filed a Motion to Quash Writ of Continuing Garnishment or, Alternatively, Motion to Pay by Installments [Doc. 72]. In an Order [Doc. 91] entered May 12, 2010, the Court denied this motion.

On May 14, 2010, the Court entered an Order of Continuing Garnishment [Doc. 92] ordering Family Pride Corporation to pay the United States $659.16 from the Defendant's earnings – 25% of

3

the Defendant's non-exempt net disposable earnings – dating back to service of the Writ of Garnishment on June 11, 2009. [Doc. 92]. The United States represents that it has since been receiving monthly payments under the May 2010 Writ of Garnishment. [Doc. 101 at 6].

On November 29, 2010, the United States filed an Application for Writ of Garnishment [Doc. 94], moving for issuance of a Writ of Garnishment to SunTrust Investments Services, where Dover maintains a Roth IRA. On December 10, 2010, the Court entered a Writ of Garnishment to SunTrust Investment Services. [Doc. 95]. On December 22, 2010, the Defendant filed the Motion to Quash Writ of Garnishment that is now before the Court, and the Court held oral arguments to address the Motion to Quash Writ of Garnishment in January 2011.

In the time that has passed since the Court took this issue under advisement, the Writ of Garnishment was returned as executed to the Clerk of Court [Doc. 106], and SunTrust Investment Services filed its Affidavit and Answer of the Garnishee [Doc. 107], representing that $6,679.14, in IRA investments and cash equivalents were in its custody, control, and/or possession.

## II.    POSITIONS OF THE PARTIES

In his motion, the Defendant argues that the property in the Roth IRA sought in the Writ of Garnishment is exempt from garnishment. The Defendant maintains that pursuant to the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3001, *et seq.*, the United States may only garnish property in which Dover has a substantial nonexempt interest. The Defendant argues that his interest in the IRA is a qualified retirement plan and is exempted from garnishment pursuant to the Tennessee Personal Property Owner's Rights and Garnishment Act of 1978, Tenn. Code Ann. §§ 26-2-101.

The Government responds [Doc. 101] that the Defendant's position is "fundamentally flawed," because the Government is seeking to enforce a criminal restitution debt, not a civil debt. See 28 U.S.C. § 3001. The Government maintains that 18 U.S.C. § 3613, a provision of the United States Code's chapter on criminal procedure, governs civil remedies for satisfaction of unpaid criminal fines, not the FDCPA. The Government further argues that the Roth IRA at issue does not qualify as exempt property under 18 U.S.C. § 3613, because it is not one of the items identified in 26 U.S.C. § 6334, alternatively known as Internal Revenue Code § 6334.

### III.  ANALYSIS

With the parties' positions in mind, the Court turns to the issue before it: whether the Government can enforce an order of criminal restitution against the Defendant's Roth IRA and whether the Defendant is entitled to claim an exemption under Tennessee State Law, Tenn. Code. Ann. § 26-2-105(b), to preclude collection of the funds in the Roth IRA.

**A.    The Defendant Seeks to Avoid Enforcement of an Order for Criminal Restitution**

Initially, the Court finds that the Defendant seeks to avoid enforcement of an order for criminal restitution. As the Court of Appeals stated in Dover II, "Dover seeks to avoid the enforcement of a nineteen million dollar criminal restitution order levied against him for defrauding a savings and loan institution . . . ." 367 Fed. App'x at 651 (emphasis added). The Court of Appeals's decision in Dover I reflects a similar recognition that the Defendant seeks to avoid collection under an order for criminal restitution. See 453 F.3d at 711 ("At a sentencing hearing in 1993, the United States District Court for the Southern District of Texas . . . sentenced Dover to two

years of probation on each count, running concurrently. Under the VWPA, the sentencing court also entered <u>an order for criminal restitution</u> in the amount of $19,620,928.58.) (emphasis added).

**B.     The Victim Witness Protection Act, 18 U.S.C. § 3663(h)**

As the Court of Appeals recognized in <u>Dover I</u>, the criminal restitution order at issue in this matter was "entered pursuant to 18 U.S.C. § 3663, part of the Victim and Witness Protection Act ("VWPA") of 1982." 453 F.3d at 711. The VWPA has since been repealed,[2] but as in <u>Dover I</u>, the VWPA must be interpreted in this case in the form in which it existed at the time of the entry of the restitution order.

At the time of the entry of the order, the VWPA, as codified at 18 U.S.C. § 3663, provided:

> (h) An order of restitution may be enforced —
>
> (1) by the United States —
>     (A) in the manner provided for the collection and payment of
>     fines in subchapter B of chapter 229 of this title; or
>     (B) in the same manner as a judgment in a civil action; and
>
> (2) by a victim named in the order to receive the restitution, in the
> same manner as a judgment in a civil action.

18 U.S.C. § 3663(h) (Westlaw 1991, 1993).[3]

**C.     Civil Remedies for Satisfaction of an Unpaid Fine, 18 U.S.C. § 3613(a)**

In this case, the Government is proceeding under 18 U.S.C. § 3663(h)(1)(A), *i.e.* "in the manner provided for collection and payment of fines in subchapter B of chapter 229 of this title."

---

[2]The VWPA, 18 U.S.C. § 3579(h), was renumbered by Sentencing Reform Act of 1984, Pub.L. No. 98-473, § 212(a)(1), 98 Stat. 1837 (1984). Effective November 1, 1987, it was codified at 18 U.S.C. §§ 3663, 3664. The VWPA was subsequently repealed by the Antiterrorism & Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 205(a)(2), 110 Stat. 1214, 1230 (1996).

[3]<u>See also</u> <u>United States v. Timilty</u>, 148 F3d 1, 3 (1st Cir. 1998) (interpreting the same statutory language, as it existed in 1993 prior to the 1996 amendments).

Subchapter B of Chapter 229 of Title 18 of the United States Code, at the time, was entitled "Fines" and it included 18 U.S.C. §§ 3611-3615 within its subchapter.

The Government seeks to enforce the restitution order under the present version of 18 U.S.C. § 3613, which governs civil remedies for satisfaction of unpaid criminal fines. The Court finds that 18 U.S.C. § 3613, entitled "Civil Remedies for Satisfaction of an Unpaid Fine," does govern enforcement in this matter. In pertinent part, it provides:

> (a) **Enforcement**.--The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that--
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a).

**D.     Statutory Application**

The Government argues it is proceeding under the enforcement section in 18 U.S.C. § 3613(a), as part of subchapter B of chapter 229. Indeed, such enforcement is precisely what the VWPA, 18 U.S.C. § 3663(h)(1)(A), allows.

The Defendant maintains that because the Government previously argued garnishment was proper under the FDCPA, 28 U.S.C. § 3205, "the statutory authority upon which the United States now seeks to garnish Mr. Dover's retirement account is the FDCPA." [Doc. 97 at 2].

However, in this action the Government does not contend it is proceeding under the FDCPA. Further, the Government correctly notes that the FDCPA specifically provides that it does not limit the right of the Government to collect restitution arising in a criminal case. See 28 U.S.C. § 3003(b). Furthermore, FDCPA explicitly states that, "[t]o the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, <u>those procedures shall apply</u> to such claim or judgment to the extent those procedures are inconsistent with [the Fair Debt Collection Act]." 28 U.S.C. § 3001(b) (emphasis added).

The Court, thus, finds that the Government could have opted to enforce the order of restitution under 18 U.S.C. § 3663(h)(1)(B), "in the same manner as a judgment in a civil action." In this case, the FDCPA arguably might apply to the enforcement. The Government, however, has opted to enforce this order of restitution under 18 U.S.C. § 3663(h)(1)(A), "in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of [Title 18]." Given the provisions that the Government has opted to employ, "those procedures shall apply" and effectively trump the FDCPA, see 28 U.S.C. § 3001(b).

The Defendant also contends that the Government's argument that it is seeking to collect on a "criminal debt," *i.e.* restitution, as opposed to a "civil debt" is of no moment legally, because the FDCPA is the exclusive civil procedure for the Government to recover on that debt, see 28 U.S.C. § 3001, and because "debt" is defined under FDCPA to include restitution, see 28 U.S.C. § 3002(2)(B).

The Defendant further contends that the Government's attempted use of 28 U.S.C. § 3001(b), which allows for recovery on a debt under any federal law, to bootstrap recovery of this debt under "another federal law" – for example, 18 U.S.C. § 3613 – is unavailing. The Defendant argues this is because 18 U.S.C. § 3613 is part of the Mandatory Victim Restitution Act of 1996, and the Defendant alleges that he was sentenced under the VWPA, 18 U.S.C. § 3579, [Doc. 104 at 4].[4]

The Defendant essentially implies that the FDCPA preempts the VWPA, by virtue of its being the exclusive civil procedure. This Court holds it does not preempt. See Timilty, 148 F3d at 2 ("We hold that the government may proceed to enforce restitution orders for sums owing to private persons or entities under the VWPA, that the VWPA is not preempted by the FDCPA as to such orders . . . ."). Further, the Court of Appeals for the Sixth Circuit, as noted above, held in Dover I that the Defendant's restitution order was entered pursuant to the VWPA. 453 F3d. at 711 (noting that appeal was brought "under a criminal restitution order entered pursuant to 18 U.S.C. § 3663, part of the Victim and Witness Protection Act ('VWPA') of 1982.") The Defendant was sentenced under the VWPA.

As stated above, this is the point where there is actually a difference without a distinction. The language of 18 U.S.C. § 3663(h), in effect at the time the Defendant was sentenced, has been set out herein and references enforcement of restitution in the manner provided for collecting fines under subchapter B of chapter 229 of Title 18, which includes 18 U.S.C. § 3613(a). Regardless of whether the VWPA language found at 18 U.S.C. § 3579 or the language contained in 18 U.S.C. § 3663 was in effect at the time the Defendant was sentenced, the VWPA contains essentially the same

---

[4]See supra n. 2. The VWPA, as codified at 18 U.S.C. § 3579, was renumbered by Sentencing Reform Act of 1984, Pub.L. No. 98-473, § 212(a)(1), 98 Stat. 1837 (1984), which went into effect in 1987, approximately four years prior to the Defendant's guilty plea and six years prior to his sentencing.

language, "An order of restitution may be enforced— by the United States—in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this title . . . ." 18 U.S.C. § 3363(h) (Westlaw 1991, 1993) (internal numbering omitted), see also 18 U.S.C. § 3579 (1986)[5]

### E. The Writ of Garnishment Will Not Be Quashed

Thus, for the reasons stated above, the Court's analysis will proceed under 18 U.S.C. § 3613. Pursuant to 18 U.S.C. § 3613(a): (1) the United States may enforce the instant restitution order in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or state law; (2) the restitution order can be enforced against all property or rights to the property of the person "fined," notwithstanding any other federal law; and (3) the only exceptions, *i.e.* exemptions, are those set forth in 18 U.S.C. § 3613(a)(1)-(a)(3).

Initially, the Court finds that the Government's efforts to collect under the order of restitution are in accordance with the practices and procedures of the enforcement of a civil judgment under Federal and state law. Further, the Court finds that the restitution order can be enforced against all property rights of the Defendant, because he is the person "fined." Finally, and contrary to the Defendant's argument, the Court finds that no exception to this rule is appropriate in this case, because the Defendant's Roth IRA is not affected by any of the exemptions or exceptions in § 3613(a)(1)-(a)(3).

First, the Court finds that the Roth IRA does not qualify for the exemptions contained in § 3613(a)(1), The property exempt from civil remedies and garnishment under § 3613(a)(1) are

---

[5] The VWPA, as it was codified in § 3579, referenced 18 U.S.C. § 3565 rather than subchapter B of chapter 229. This difference is inconsequential because § 3565 provides for enforcement "by execution against the property of the defendant in like manner as judgments in civil cases" and, like chapter 229, limits the exemptions to those provided in § 6334 of the Internal Revenue Code, which as more fully stated below do not include Roth IRAs.

specifically enumerated subparts of 26 U.S.C. § 6334, alternatively known as I.R.C. § 6334. These include: wearing appeal and school books, (a)(1); fuel, provisions, furniture, and personal effects, (a)(2); books, tools of trade, (a)(3); unemployment benefits, (a)(4); undelivered mail, (a)(5); certain annuity and pension payments, (a)(6); worker's compensation, (a)(7); judgments for support of minor children, (a)(8); service-connected disability payments, (a)(10); and certain job training benefits, (a)(12). The Defendant's IRA does not fall within any of these categories and is not exempt. See United States v. Hosking, 567 F.3d 329, 334 (7th Cir. 2009)("Although there are several enumerated exceptions to this provision, none of them exempts an IRA from enforcement.")[6]

The exemption contained in § 3613(a)(2) is also inapplicable. This portion of the statute provides that "section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law." Section 3014 incorporates common bankruptcy exemptions for residences, household good, and exemptions under state and local law, which are specifically held *not* to apply as exemptions.

The Defendant includes 28 U.SC. § 3014(a) as his statutory basis for his alleged right to claim state exemptions. [See Doc. 97 at 2 (quoting without citation 28 U.S.C. § 3014(a))]. This reliance is misplaced. With regards to what property is or is not exempt under 18 U.S.C. § 3613, it is specifically noted above that 28 U.S.C. § 3014 does not apply. See 18 U.S.C. § 3613(a)(2). Hence, this provision has no effect on the proposed garnishment of the Defendant's Roth IRA and cannot serve as a valid statutory basis for quashing the Writ of Garnishment.

The final exception § 3613(a)(3) states that "the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal

---

[6]The Court notes that (a)(6) refers to benefits paid under certain railroad acts, the Medal of Honor roll, and other military pensions, and it is not applicable to an IRA. Hosking, 567 F.3d at 334.

law or State law." Section 303 of the Consumer Credit Protection Act limits garnishments to set percentages of income or certain multipliers of the minimum wage. This provision is not at issue in this case.

Accordingly, the Court finds that the Defendant's Roth IRA is not exempted from garnishment pursuant to the restitution order previously entered against the Defendant, and accordingly, the Court finds that the Writ of Garnishment will not be quashed.

IV. **CONCLUSION**

Based upon the foregoing, the Court finds that the Motion to Quash **[Doc. 96]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge